El Pueblo, Demandante y Apelado, v. López, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en un caso de *quo warranto*.

No. 2296.—Resuelto en julio 19, 1921.

Quo Warranto—Procedimiento para Remoción de Funcionarios Municipales Incapacitados.—Cuando se trata de si un miembro del concejo de administración elegido por la asamblea municipal debe cesar o no por estar incapacitado para desempeñar dicho cargo, el procedimiento adecuado es el *quo warranto* establecido por la Ley de marzo 1, 1902, vigente actualmente y no el de *certiorari* de que trata el artículo 65 de la Ley Municipal.

Id.—Incapacidad para Ser Miembro del Concejo de Administración—Conducta Inmoral.—Una persona que había sido destituída anteriormente del cargo de Alcalde por haber realizado hechos que son claramente inmorales, los cuales se insertan en la opinión, está incapacitada, de acuerdo con el artículo 34 en relación con el 33 de la vigente Ley Municipal para ejercer el cargo de comisionado de servicio público, policía y prisiones, aunque el decreto expresara que la destitución obedecía a la conducta ''altamente impropia'' del alcalde.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. F. Rossy.*

Abogados del apelado: *Hon. Attorney General* y *Sres. Suliveres* y *Lastra Charriez.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de un procedimiento de *quo warranto* seguido en la Corte de Distrito de San Juan, Sección Primera, a instancia de Ramón Salgado con el consentimiento del Attorney General, para que se declare por sentencia que Pedro López no tiene derecho a ocupar y ocupa ilegalmente el cargo de Comisionado de Servicio Público del pueblo de Dorado, para el que fué nombrado por acuerdo del concejo municipal de dicho pueblo de 29 de octubre de 1919, votando en contra

el demandante Ramón Salgado, como miembro de dicho concejo municipal.

Entre otras alegaciones se hacen en la demanda, su fecha 5 de noviembre de 1919, las que transcribimos a continuación:

"Que el mencionado Pedro López, ocupa, desempeña y ejerce el cargo aludido de una manera ilegal y en pugna abierta con el artículo 17, 33 y 34 de la Ley número 85 de la Asamblea Legislativa de Puerto Rico de 31 de julio de 1919, titulada: 'Ley estableciendo un sistema de gobierno local y reorganizando los servicios municipales.'

"Que dicha ilegalidad consiste:

"En que el mencionado Pedro López al ser designado como lo fué para ocupar dicho cargo, de Comisionado de Servicio Público del Municipio de Dorado, P. R., en los momentos en que tomó posesión del mismo o sea el 1 de noviembre de 1919 y en este instante de ahora no reunía ni reune las condiciones requeridas por los citados artículos 17, 33 y 34 de la mencionada ley debido a que el referido señor López fué legal y debidamente destituído en fecha 25 de enero de 1916, por el entonces Gobernador Interino de Puerto Rico señor Martín Travieso, del cargo que entonces desempeñaba dicho señor López como Alcalde de Dorado, P. R., y cuya destitución y los motivos de la misma se desprenden de los siguientes documentos oficiales que transcritos al pie de la letra dicen lo que sigue:

" 'Government of Porto Rico, Office of the Executive Secretary.— San Juan 8 de enero de 1916.—Sr.:—En cumplimiento de instrucciones del Gobernador Interino, tengo el honor de comunicar a Vd. que de la investigación practicada recientemente por el Hon. Jaime Sifre, Fiscal Espécial, resulta contra Vd. el cargo verdaderamente grave, de que instigados por Vd., como alcalde de ese municipio y con el propósito de obtener la suspensión de ciertos trabajos de reparación que venían haciendo diversos propietarios en el camino rural de la "Sardinera," en ese municipio, cuatro concejales y el secretario del Concejo falsificaron los records públicos, haciendo aparecer en ellos como aprobada por el Concejo en primero de noviembre último, una ordenanza prohibiendo reparaciones en los caminos municipales sin la autorización previa del alcalde, cuando en realidad el Concejo no celebró ninguna sesión, el citado día primero de noviembre; la ordenanza de referencia fué redactada con posterioridad a dicho día y los concejales firmaron el libro en que aparece el acta de la supuesta sesión, también con posterioridad a la fecha indicada, separadamente y en ocasiones

distintas, sin que en ningún momento se reunieran en la forma que dispone la ley para discutir y aprobar la referida ordenanza. Y que Vd. al denunciar criminalmente a varios propietarios, en quince de noviembre último, por infracción de dicha ordenanza, sometió al juez de paz un documento que pretendía ser una copia certificada de aquélla, sabiendo que ese documento no tenía fuerza legal alguna porque la ordenanza nunca había sido aprobada de acuerdo con la ley. Se le dirige a Vd. la presente carta, antes de que el Gobernador adopte una resolución definitiva en este asunto para ofrecerle la oportunidad de que pueda Vd. presentar por escrito, en su defensa, las alegaciones que considere pertinentes, acompañadas de las pruebas que esté Vd. en condiciones de someter a la consideración del Gobernador. El Gobernador interino esperará su defensa hasta el día 15 de enero actual, inclusive, y pasado dicho día dictará su resolución final en este caso haya Vd. utilizado o no la oportunidad que por esta comunicación se le brinda.—Respetuosamente, Firmado: R. Siaca Pacheco, Secretario de Puerto Rico Interino.—Sr. D. Pedro López, Alcalde suspenso, Dorado, P. R.'

" 'Government House, P. R., San Juan, 25 de enero de 1916.— Sr.:—He leído el escrito que dirigió Vd. con fecha once del que cursa, al Secretario Interino de Puerto Rico, defendiéndose de los cargos que se le formularon, en cumplimiento de mis instrucciones en la carta que el referido funcionario envió a Vd. el día 8 del corriente. Después de dar la necesaria consideración a las alegaciones consignadas por Vd. en su citado escrito; a la evidencia obtenida de la investigación practicada por el Fiscal Especial General; y al informe que sobre el asunto me ha hecho el Attorney General; he llegado al convencimiento de que la certeza de los hechos de que ha sido Vd. acusado está suficientemente probada. Esos hechos revisten mayor gravedad en cuanto se refiere a su participación en ellos por ser usted el jefe ejecutivo de ese municipio a quien la ley impone el deber de velar porque cumplan debidamente con sus obligaciones los demás funcionarios y empleados municipales. Considero, por lo tanto, altamente impropia su conducta como funcionario público en esta ocasión, y en consecuencia, haciendo uso de las atribuciones que la ley municipal me confiere le destituyo por medio de esta carta del cargo de Alcalde del Municipio del Dorado, y los efectos de esta destitución se retrotraerán al momento en que cesó usted en las funciones de dicho cargo en virtud de la suspensión ordenada por el Gobernador con fecha 4 de diciembre próximo pasado. Una copia de esta comunicación y otra de la que remitió a usted el Secretario de Puerto

Rico, el día 8 del actual, serán archivadas en las oficinas de dicho funcionario en cumplimiento de lo que prescribe la ley.—Respetuosamente, Firmado: Martín Travieso, Jr., Gobernador Interino.—Sr. D. Pedro López, Dorado, P. R.' "

El demandado al contestar la demanda acepta la exposición de cargos y el decreto del Gobernador interino que se dejan transcritos; pero niega que ocupe ilegalmente el cargo para que fué nombrado de Comisionado de Servicio Público, Policía y Prisiones, y afirma que concurren en él todas las condiciones marcadas en los artículos 17 y 34 de la Ley Municipal para el desempeño de dicho cargo, pues, la destitución de que fué objeto en 25 de enero de 1916 por el Gobernador interino Travieso de su cargo de Alcalde de Dorado se fundó en considerar su conducta altamente impropia para desempeñar tal cargo y no en conducta inmoral.

Celebrado el juicio la corte pronunció sentencia en 30 de enero de 1920 declarando que Pedro López no tiene derecho a ocupar el cargo de Comisionado de Servicio Público del Dorado y en su consecuencia ordena se le destituya del mismo, a cuyo efecto se procederá por el marshal a requerir a dicho querellado para que inmediatamente cese en dicho cargo del cual se le despoja, y a la Asamblea Municipal de Dorado, para que lo tenga por destituído del mismo a los efectos legales procedentes, con costas y honorarios de abogado al demandado.

Esa sentencia ha sido apelada por Pedro López para ante esta Corte Suprema y examinado su alegato en apelación encontramos que sostiene como motivos del recurso que el procedimiento de *quo warranto* no es el apropiado para el caso sino el recurso de *certiorari,* y que el decreto del Gobernador de 25 de enero de 1916, que acordó su destitución de Alcalde de Dorado por conducta altamente impropia no le inhabilitaba para el cargo de Comisionado de Servicio Público de dicho pueblo para el que fué nombrado por el concejo municipal en 29 de octubre de 1919.

Entendemos que el recurso de *quo warranto* es el apropiado a los fines que persigue el querellante.

La Ley Municipal No. 85, aprobada en 31 de julio de 1919, en su artículo 65, bajo el epígrafe "Recursos Judiciales", dice así:

"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:

"(*a*) Para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal o concejo de administración o de los comisionados, que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari;*

"(*b*) Para suspender mediante *injunction* la ejecución de cualquier ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la Constitución o las leyes insulares;

"(*c*) Para compeler, mediante auto de *mandamus* el cumplimiento de deberes ministeriales por los funcionarios municipales;

"(*d*) Para conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios municipales, por malicia, negligencia o ignorancia inexcusable."

Como se ve la sección 65, en su apartado (*a*), prescribe el recurso de *certiorari* para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal o concejo de administración o de los comisionados que lesionen derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, estableciendo para otros casos en los apartados (*b*), (*c*) y (*d*) el *injunction,* el *mandamus* y el juicio ordinario. La elección de un comisionado no es un acto legislativo ni administrativo en el sentido propio de la palabra y la simple lectura del apartado (*a*) muestra que no ha sido redactado en consideración a la elección de comisionados sino teniendo presente la realización de determinados actos lesivos de derechos constitucionales, de la Ley Orgánica o de las leyes de Puerto Rico. Se trata en el presente caso de si Pedro López debe cesar

o no en el cargo de Comisionado de Servicio Público, Policía
y Prisiones del pueblo de Dorado por estar incapacitado le-
galmente para su desempeño y a ese fin el remedio claro es
el establecido por la Ley de *Quo Warranto* aprobada en
primero de marzo de 1902 que no ha sido expresa ni tácita-
mente derogada por la Ley Municipal citada.

Por lo que atañe a la incapacidad de Pedro López ale-
gada como causa de su destitución, el artículo 33 de la Ley
Municipal en la parte atinente dice así:

"Los comisionados de servicio público deberán reunir las condi-
ciones siguientes:

"1. Ser residentes del municipio por dos o más años.

"2. Ser contribuyentes por bienes raíces o poseer un título pro-
fesional o diploma de octavo grado o haber desempeñado los cargos
de alcalde o concejal por cuatro o más años, y tener buena conducta
moral."

El artículo 34 de la propia ley estatuye que para ser
miembro del concejo de administración, del cual según el
artículo 29 ha de formar parte el comisionado de servicio
público, se requerirán las mismas condiciones fijadas para
los de la asamblea municipal excepto en lo que respecta a
la residencia y a la capacidad electoral. Y el artículo 17
exije para ser elegible como delegado a la asamblea muni-
cipal las siguientes condiciones:

"Ser ciudadano de los Estados Unidos, mayor de veintiún años
y ser elector capacitado en el municipio;

"Haber residido en el municipio por un período no menor de
un año.

"Saber leer y escribir;

"No haber sufrido condena por delito grave o que implique de-
pravación moral ni haber sido destituído de cargo público alguno
por delincuencia o conducta inmoral."

Indudablemente que el querellado Pedro López estará in-
capacitado para el desempeño del cargo de Comisionado de
Servicio Público del Municipio del Dorado, si *la conducta*

*altamente impropia* que motivó su destitución anterior de
alcalde de dicho pueblo es equivalente a conducta inmoral.

Conducta, según dijimos en el caso de *El Pueblo* v.
*Ways,* decidido en 15 de abril del corriente año, en una
de sus varias acepciones, quiere decir según el Diccionario
de la Academia "porte o manera con que los hombres go-
biernan su vida o dirigen sus acciones." Y "la conducta de
una parte en su sentido más amplio según se ha dicho en el
caso de *Hallowell National Bank* v. *Morston,* 27 Atl. 529, 531,
citado en 2 'Words & Phrases Judicially Defined,' 1416, con-
siste en actos, palabras, silencio u omisión de hacer alguna
cosa." Moral es lo perteneciente o lo relativo a la moral,
lo que concierne a las costumbres o a las acciones humanas
en orden a lo lícito o a lo ilícito de ellas. De modo que
la conducta moral de una persona será buena o mala según
se ajuste o no a los dictados de la moral en el orden de lo
lícito o de lo ilícito. La conducta de Pedro López fué alta-
mente impropia, según el decreto del Gobernador de Puerto
Rico de 25 de enero de 1916 al ejecutar los actos que mo-
tivaron su destitución como Alcalde del Municipio del Do-
rado. Entendemos que aunque no toda conducta impropia
sea inmoral, la de Pedro López merece esa calificación aten-
didas las circunstancias del caso.

En el decreto del Gobernador de 25 de enero de 1916 se
califica de altamente impropia la conducta de Pedro López
"por haber llegado aquella autoridad al convencimiento de
que la certeza de los hechos de que fué acusado estaba sufi-
cientemente probada." Esos hechos consistían en que López
como Alcalde del Municipio del Dorado y con el propósito
de obtener la suspensión de ciertos trabajos de reparación
que venían haciendo diversos propietarios en el camino rural
de la Sardinera, en dicho municipio, consiguió mediante ins-
tigación suya como tal alcalde, que cuatro concejales y el
secretario del concejo hicieran aparecer en los records pú-
blicos como aprobada por el concejo en 1°. de noviembre de

1915 una ordenanza prohibiendo reparaciones en los caminos
municipales sin la autorización previa del alcalde cuando en
realidad dicha ordenanza fué redactada con posterioridad a
su fecha y firmada por los concejales separadamente y en
ocasiones distintas sin que en tiempo alguno se reunieran
en la forma que dispone la ley para discutirla y aprobarla,
habiendo denunciado criminalmente en 15 de noviembre citado
ante el juez de paz a varios propietarios por infracción de
la expresada ordenanza sabiendo que ésta no tenía fuerza
legal alguna.   De los hechos consignados en los decretos del
Gobernador de 8 y 25 de enero de 1916 claramente se des-
prende que los trabajos de reparación fueron comenzados
por diversos propietarios en el camino rural de la Sardinera
y fueron iniciados cuando no existía ordenanza alguna que
los prohibiera y que por tanto para denunciarlos y perse-
guirlos como constitutivos de infracción de una ordenanza
municipal fué que se redactó y firmó posteriormente la orde-
nanza de que se trata, a instigación de Pedro López.   La
conducta de éste al proceder como procedió, no solamente
fué altamente impropia sino también inmoral como encami-
nada a dar el carácter de punibles a hechos que no lo eran
antes de que fuera redactada y firmada la ordenanza.

Tal conducta no se ajustaba a los dictados de la moral.

Además, debe tenerse en cuenta que en la fecha en que
fué dictado por el Gobernador el decreto de destitución de
25 de enero de 1916 regía la Ley Municipal aprobada en 8
de marzo de 1906, cuya sección 35 en la parte atinente dice
así:

"En caso que un alcalde estuviere inhabilitado para desempeñar
debidamente los deberes de su cargo por incapacidad física, o en caso
que se condujere mal o que por cualquier otra causa legal estuviere
incapacitado, será destituído de su cargo por el Gobernador después
de haberle dado oportunidad de ser oído en su defensa.   El Gober-
nador entregará para su archivo en la oficina del Secretario de Puerto
Rico una exposición de los motivos en que se funda la destitución y

dicha exposición constituirá un documento público. La decisión del Gobernador será definitiva. ＊　＊　＊"

Debemos suponer que el decreto del Gobernador se ajustó a dicha sección y que por tanto la conducta altamente impropia de Pedro López a que se refiere fué equivalente a mala conducta que por no ajustarse como ya hemos dicho a los dictados de la moral, debe calificarse de inmoral atendidos los hechos que motivaron el decreto de destitución.

Para sostener el recurso se funda también el apelante en errores de procedimiento que supone cometidos por la corte inferior al obligarle a que presentara conjuntamente todas sus alegaciones, pero nos abstenemos de considerarlos por no habérsele privado de ningún derecho sustancial para su defensa, ni causádosele perjuicio alguno.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.