WILSON, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE SAN JUAN, SEGUNDO DISTRITO, HON. MANUEL RODRÍGUEZ SERRA, JUEZ, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra la Corte de Distrito de San Juan, Segundo Distrito.

No. 348.—Resuelto en mayo 22, 1922.

TRASLADO DE PLEITOS—ARTÍCULO 79 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—Un procedimiento de *quo warranto* seguido contra un funcionario público impugnando la validez de su nombramiento, no es uno de los pleitos que tuvo en mente el legislador al fijar la regla contenida en el No. 2 del artículo 79 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. J. A. Loret, R. H. Todd, Jr.,* y *J. Tous Soto.*

Abogados del demandado: *Sres. R. Rivera Zayas, M. Guerra* y *F. Soto Gras.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un recurso de *certiorari* interpuesto a los fines de que esta Corte Suprema revise y anule la resolución de la Corte de Distrito de San Juan, Segundo Distrito, negando el traslado de un pleito sobre *quo warranto* entablado ante dicha corte contra el peticionario, quien en la actualidad desempeña el puesto de Comisionado del Interior, por El Pueblo de Puerto Rico a requerimiento de Antonio R. Barceló, Cayetano Coll y Cuchí y Guillermo Esteves.

El auto de *certiorari* fué expedido y de los procedimientos originales en el caso de *quo warranto* remitidos a esta Corte Suprema resulta que el demandado en ellos, aquí peticionario, solicitó el traslado del pleito a la Corte de Distrito de San Juan, Primer Distrito, ''porque los actos ilegales que se alegan como motivo de esta acción realizados por el demandado, o sea, el ejercicio de las funciones de su cargo, se realizaron y se realizan en San Juan, en donde tiene el demandado su oficina, habiéndose originado la causa de acción en San Juan, que forma parte de la Corte de Distrito de San Juan, Primer Distrito.''

Acabamos de resolver en los recursos de *certiorari* Nos. 349 y 350, que son aplicables a las dos Cortes de Distrito del Distrito Judicial de San Juan, creadas por la Ley No. 41 de 1921, las reglas generales contenidas en el Código de Enjuiciamiento Civil sobre el lugar para la celebración de los juicios. En tal virtud debemos estudiar y resolver la cuestión planteada de acuerdo con dichas reglas.

El demandado en el pleito de *quo warranto* en este caso reside en Bayamón, que es uno de los pueblos asignados a la Corte de Distrito de San Juan, Segundo Distrito, pero invoca para pedir el traslado a la Corte del Primer Distrito el artículo 79, párrafo 2°., del Código de Enjuiciamiento Civil, que dice así:

''Artículo 79.—Deberán verse en el distrito en que la causa del

litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1. * * *

"2. Contra un empleado público, o persona especialmente nombrada para cumplir los deberes de aquél, por cualquier acto que hubiere cometido con ocasión de su empleo; o contra una persona que, por orden suya o como su auxiliar, hiciere algo relacionado con los deberes de dicho empleado."

Un estudio detenido de la ley tal como aparece redactada y de la jurisprudencia, nos lleva a una conclusión contraria a la sostenida por el Attorney General.

Creemos conveniente transcribir el resumen de la jurisprudencia, tomándola de Cyc. Es así:

"Las acciones de la naturaleza de *trespass* o *trespass on the case* contra funcionarios públicos por actos de omisión o comisión en el desempeño de un cargo, eran transitorias en el derecho común; pero muchas de esas acciones fueron localizadas mediante estatuto. Una legislación similar surgió en América en una época temprana, pero no en todos los Estados. En 1848 el principio de esta Ley de 21 Jac. I, c. 12, fué definitivamente adoptado por los redactores del primer Código de Procedimiento Americano. Esta Ley, en los mismos términos sustanciales, y en su mayoría al pie de la letra, se ha convertido en la norma de los estatutos americanos sobre competencia; pero en un número considerable de Estados sus términos han sido extendidos para incluir acciones por la falta de actuar, tanto como por actos cometidos, y acciones sobre fianzas oficiales.

"La disposición presume que la acción es entablada contra el demandado como funcionario; no tiene aplicación cuando el motivo de acción es que el demandado no era un funcionario cuando el acto alegado fué cometido.

"Por su lenguaje y política, la disposición se refiere a funcionarios públicos.

"El estatuto de 21 Jac. I, c. 12, se refería por sus términos a actos 'cometidos' por un funcionario, pero guardaba silencio en cuanto a actos de omisión. Siguiendo esta teoría, algunas de las cortes han resuelto que la disposición es aplicable a un acto afirmativo, pero

no a una mera omisión o negligencia de deber oficial.  En esta interpretación la ley alcanza solo a aquellos actos afirmativos de un funcionario que directamente afectan los derechos personales o la propiedad de la persona que se queja, tales como arresto ilegal, una invasión, o una conversión.  La más moderna forma del estatuto en algunos Estados, y las decisiones resultantes, extienden la regla a acciones por una supuesta omisión de cumplir un deber oficial.

"Para que caiga dentro de la disposición el acto del demandado debe haber sido bajo color de su cargo, o su omisión debe referirse a un deber incidental al cargo.  Que su cargo no le justificaba estrictamente en cometer los actos concretos no impedirá la aplicación del estatuto 'pues si él en realidad actuó en el curso de los deberes de su cargo, no necesitaba protección alguna.'  Pero cuando el acto, aunque cometido por uno que es un funcionario, no tiene relación alguna al cumplimiento de su cargo, la competencia se determina por la regla general."  40 Cyc. 87–90.

El único caso que el Attòrney General cita en el *brief* de 8 de mayo actual en apoyo de su contención, es el de *Lee* v. *State,* 49 Ala. 43.  Basta transcribir lo resuelto en dicho caso para concluir, sin argumentación alguna, que no es aplicable.  Fué así:

"La corte de la ciudad de Eufaula tiene jurisdicción, en casos civiles, cuando el demandado reside en el referido condado de Barbour, al Este del tramo veintisiete; y jurisdicción concurrente con la corte de circuito de dicho condado de todos los delitos contra las leyes penales del Estado cometidos en dicho condado.  Véase la sección 6 de la ley aprobada en febrero 14, 1870, titulada 'Una ley para establecer la corte de la ciudad de Eufaula.'  Leyes de la sesión de 1869–70, página 105.  Puede admitirse que un procedimiento de la naturaleza del *quo warranto,* especialmente cuando como en este caso se establece a solicitud de un individuo y su objeto es determinar si el peticionario o el demandado tiene derecho al cargo que se alega usurpa el demandado, etc., ha de considerarse más bien como un procedimiento civil que uno criminal.  Sin embargo, si el demandado comparece ante la corte y alega ser un funcionario de la misma y ejercita los deberes de dicho cargo en la corte, y goza de los privilegios y toma y recibe los derechos y emolumentos de dicho cargo;

si la corte tiene jurisdicción de tales procedimientos y a virtud de presentársele la debida solicitud en el caso se alega que el funcionario usurpa dicho cargo, y en violación de la ley al ejercitar los deberes del mismo, ¿no puede dicha corte por su orden obligarle a contestar dicho procedimiento y demostrar por virtud de qué orden y autoridad reclama él su derecho al cargo, y ejercita los deberes del mismo en dicha corte? ¿Y puede tal demandado alegar con éxito contra la jurisdicción de dicha corte que reside en dicho condado pero no dentro de esa porción del mismo a la cual se extiende la jurisdicción civil de la referida corte? Estas cuestiones presentan un caso nuevo y que quizá no esté libre de dudas; pero examinándolo en principio así como la razón de la cosa, opinamos que no puede hacerlo. Toda corte de jurisdicción general (y tal es la corte de la ciudad de Eufaula) dentro de ciertos límites, debe necesariamente tener jurisdicción sobre sus propios funcionarios; y esto lo vemos en la sección sexta de la ley estableciéndola, que se confiere expresamente a dicha corte de la ciudad. Además, por la comparecencia ante dicha corte alegando desempeñar un cargo que pertenece a la referida corte y necesario al trabajo de la misma, debe resolverse que dicho funcionario está sujeto a su jurisdicción, y obligado a contestar sus órdenes en un caso como este; y puede exigírsele que conteste y pruebe por virtud de qué orden y autoridad reclama su derecho al desempeño de dicho cargo, y ejercita y cumple sus deberes y recibe sus emolumentos.''

Por virtud de todo lo expuesto opinamos que debe anularse el auto de *certiorari* expedido y devolverse el caso de *quo warranto* a la Corte de Distrito de su origen.

*Denegado el traslado del pleito a la Corte de Distrito de San Juan, Primer Distrito.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Wolf firmó ''Conforme con la sentencia.''

El Juez Asociado Sr. Hutchison disintió.