BLANCO, PETICIONARIO Y APELANTE, *v.* LA ASAMBLEA MUNICIPAL DE SANTA ISABEL, DEMANDADA Y APELADA.

No. 3372.—*Visto:* Noviembre 14, 1924.  *Resuelto:* Enero 28, 1925.

DESTITUCIÓN DE EMPLEADOS MUNICIPALES—CAUSA SUFICIENTE—FORMA DEL DECRETO.—Es causa suficiente para la destitución de un secretario-auditor de un municipio el que autorizara el pago de dietas a miembros de la asamblea que no asistieron a una sesión en la cual él mismo estuvo presente, y habiéndose formulado el cargo por escrito y dádose al funcionario la oportunidad de defenderse, la destitución es válida, sin que sea necesario que se decrete en forma de ordenanza.

RESOLUCIÓN de *G. Castejón,* J. (Guayama), desestimando solicitud de auto de certiorari. *Confirmada.*

*J. G. Gelpí* y *F. Colón Díaz,* abogados del apelante; *C. Ramos Antonini,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Fortunato Blanco Mateo destituído de su cargo de Secretario Auditor del Municipio de Santa Isabel por la Asamblea Municipal, presentó una solicitud de *certiorari* en la

Corte de Distrito de Guayama con objeto de que se revisaran y anularan los procedimientos que tuvieron lugar con tal motivo.

Se expidió el auto y con vista del "return" y de las alegaciones de las partes, el juez desestimó la petición exponiendo amplia y cuidadosamente sus razones en una opinión que forma parte de los autos. No conforme el peticionario, apeló para ante este Tribunal.

En su alegato impugna el apelante las conclusiones de hecho a que llegó la corte sentenciadora constantes en la expresada opinión. Hemos leído las actas transcritas en el "return" y a nuestro juicio justifican las conclusiones de la corte, a saber: el peticionario fué destituído por la asamblea municipal en una sesión extraordinaria mediante cargos escritos que se le formularon, dándosele oportunidad de defenderse y presentándose prueba de los cargos.

Los cargos constituyen causa justificada para la destitución, especialmente el segundo o sea haber librado pagos a ciertos asambleístas que no concurrieron a una sesión de la Asamblea. El testigo Enrique Seda, bajo juramento, declaró:

". . . . Que un acta levantada en el libro de actas de la Asamblea Municipal de Santa Isabel, es nula debido a que no se celebró tal sesión y sí una reunión de cuatro miembros de la Asamblea Municipal de Santa Isabel, Puerto Rico, con el Secretario-Auditor en la oficina de este último. Que sabe que esa reunión fué pagada como sesión a los cuatro miembros que asistieron a dicha reunión, como también ·pagada a los no concurrentes, que fueron cuatro. Que los Sres. Asambleístas que tuvieron la referida reunión en la oficina del Secretario-Auditor, con éste último, fueron los Sres. José J. Pérez, Miguel Santiago, Juan Díaz Robledo y Lino A. Burgos; los no concurrentes fueron Vidal Moreno, Juan Molina, Regino León y Francisco A. Escribano."

No es necesario que el decreto de destitución se hiciera constar en forma de ordenanza. La sección 27 de la Ley Municipal (Leyes de 1919 p. 701) fué debidamente interpre-

tada por la corte sentenciadora.  Las destituciones guardan
relación con los nombramientos, excluídos expresamente por
el Legislador de tener que ser decretados en forma de orde-
nanza.

*Debe confirmarse la sentencia recurrida.*