EL PUEBLO DE PUERTO RICO a requerimiento de JOSÉ MANUEL SANTIAGO, demandante y apelado, *v.* FORTUNATO BLANCO MATEO, demandado y apelante.

No. 4079.—*Visto:* Abril 1, 1927. *Resuelto:* Mayo 31, 1927.

1. CORPORACIONES MUNICIPALES—PROCEDIMIENTOS DEL CONCEJO U OTRO CUERPO QUE GOBIERNA—MITINS, REGLAS Y PROCEDIMIENTOS EN GENERAL—REVOCACIÓN, ENMIENDA O DEROGACIÓN DE ACTUACIONES—POR ASAMBLEA POSTERIOR.—Dentro de ciertas limitaciones las actuaciones de una asamblea municipal pueden ser revocadas, enmendadas o derogadas por una asamblea posterior.

2. CORPORACIONES MUNICIPALES—FUNCIONARIOS, AGENTES Y EMPLEADOS—FUNCIONARIOS MUNICIPALES EN GENERAL—DESTITUCIÓN O REMOCIÓN—RESTITUCIÓN EN EL PUESTO—FACULTADES PARA RESTITUIR.—Destituida una persona de su empleo por una asamblea municipal, una asamblea posterior no tiene autoridad para restituirlo en su puesto.

3. CORPORACIONES MUNICIPALES—FUNCIONARIOS, AGENTES Y EMPLEADOS—FUNCIONARIOS MUNICIPALES EN GENERAL—DESTITUCIÓN O REMOCIÓN—EFECTO DE LA MISMA—DESTITUCIÓN POR CARGOS QUE IMPLICAN CONDUCTA INMORAL.—Destituido un funcionario municipal de su cargo a virtud de cargos que implican conducta inmoral, aquél queda inhabilitado para desempeñar cargo municipal alguno.

4. CERTIORARI—NATURALEZA Y FUNDAMENTOS—DEL REMEDIO EN GENERAL. — Un recurso de *certiorari*, como regla, no determina derechos esenciales entre las partes y generalmente se limita a anular pasos dados anteriormente.

5. CERTIORARI—NATURALEZA Y PROCEDIMIENTOS—ACTUACIONES DE JUNTAS O MU-NICIPALIDAD Y NOMBRAMIENTO O REMOCIÓN DE EMPLEADOS—EMPLEADOS MU-NICIPALES.—Destituido un funcionario de su cargo por una asamblea municipal, un *certiorari* para revisar tal actuación no determina derecho alguno al cargo; la actuación de la asamblea, al no ser afectada por el *certiorari*, y no éste, es la que destituye a aquél.

6. QUO WARRANTO—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—PARTES DEMAN-DANTES EN EL PROCEDIMIENTO—PERSONAS PARTICULARES.—El querellante en procedimiento de *quo warranto* que alegue ser ciudadano y contribuyente demuestra suficiente capacidad para entablarlo.

7. QUO WARRANTO—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—PARTES DEMAN-DANTES EN EL PROCEDIMIENTO—PERSONAS PARTICULARES.—Un querellante en procedimiento de *quo warranto* que paga una patente municipal es un con-tribuyente para los fines de dicho procedimiento.

8. QUO WARRANTO—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—PARTES DEMAN-DANTES EN EL PROCEDIMIENTO—PERSONAS PARTICULARES.—Si el mero hecho de ser ciudadano el querellante en procedimiento de *quo warranto* no es sufi-ciente capacidad para entablarlo cuando se trata de impedir que una per-sona que ha sido destituida a virtud de cargos ocupe un puesto público, *quaere.*

SENTENCIA de *Rafael López Antongiorgi,* J. (Guayama), destituyendo al querellado de su empleo como doctor municipal de Santa Isabel, con costas y honorarios de abogados. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *Augustín E. Font,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El Pueblo de Puerto Rico, a instancias de José Manuel Santiago, entabló un procedimiento de *quo warranto* ante la Corte de Distrito de Guayama para destituir a Fortunato Blanco Mateo del cargo de Auditor Municipal de Santa Isabel. Anteriormente, en la Asamblea Municipal de Santa Isabel se habían presentado unos cargos contra dicho Sr. Blanco, y después del juicio correspondiente, se le destituyó. Enton-ces él entabló un recurso de *certiorari* en la Corte de Distrito de Guayama, la cual resolvió en contra de sus pretensiones, habiendo sido confirmada por esta corte dicha decisión en apelación. Una asamblea posterior se reunió el día 15 de abril de 1926 y nombró o repuso, o trató de nombrar o reponer al Sr. Blanco en su puesto.

Después de celebrar la vista del procedimiento de *quo-warranto,* la Corte de Distrito de Guayama dictó sentencia destituyendo al querellado de su empleo. De los varios señalamientos de error, discutiremos primeramente el tercero, ya que éste envuelve los méritos del caso.

[1, 2] El apelante sostiene, en efecto, que lo que una asamblea hace puede ser cambiado o deshecho por otra. Dentro de ciertas limitaciones que es innecesario especificar, las actuaciones legislativas de una asamblea municipal pueden ser revocadas, enmendadas o derogadas por una asamblea posterior. Sin embargo, el poder para destituir a personas de sus puestos, según nos parece, envuelve una función judicial o quasi judicial. Estemos enteramente correctos o no al hacer esta clasificación, el poder para destituir es extraordinario. Tal poder no es universal ni en las legislaturas ni en las asambleas municipales. Fué conferido a las asambleas municipales por la Legislatura, la que les concedió ciertos poderes y definió el efecto de los mismos. La asamblea en este caso destituyó a una persona de su empleo, y no se le dió autoridad para restituirla. El requisito para desempeñar cargos municipales fijado por la Legislatura impedía que esto se hiciera. La situación es parecida a la de una persona convicta de un delito. La facultad que se trata de ejercer es similar al poder de perdonar. Tal vez tal poder en un caso como éste resida en el Gobernador o quizás en la Legislatura, véase la nota en 34 L.R.A. 251, pero a la asamblea municipal no se le concedió tal facultad, y sus poderes legislativos en general no abarcan este caso.

[3] Convenimos con la corte inferior en que los cargos en este caso implicaban conducta inmoral, y de acuerdo con la ley, tal como fué interpretada en el caso de *El Pueblo* v. *López,* 29 D.P.R. 810, el querellado de conformidad con la sección 49 de la Ley Municipal quedó inhabilitado para desempeñar el cargo de auditor municipal.

[4, 5] Bajo· el segundo señalamiento de error, el quere-
llado sostiene que el procedimiento de *certiorari* entablado
por él no determinó su derecho a desempeñar el cargo de
auditor.　Convenimos con el apelante en que un recurso de
*certiorari* con mucha frecuencia no determina los derechos
esenciales, y que generalmente se limita a anular los pasos
dados anteriormente.　Sin embargo, fué la actuación de la
asamblea anterior la que destituyó al apelante, y esa actuación
permaneció en todo su vigor y no fué afectada en absoluto
por el *certiorari*.　El razonamiento de la corte al resolver el
*certiorari* tal vez dió peso adicional a la actuación de la asam-
blea.

[6] El primer señalamiento de error se refiere al derecho
de José Manuel Santiago para iniciar este procedimiento.
Santiago alegó que él era un ciudadano y un contribuyente.
Esto demuestra suficiente capacidad para entablar esta clase
de acciones, de acuerdo con el caso de *El Pueblo* v. *Betancourt*,
28 D.P.R. 854, y los casos allí citados.

[7] Sin embargo, el apelante dice que, para los fines de
un *quo warranto,* Santiago no es un contribuyente; que el
querellante sólo paga una patente municipal.　Que una pa-
tente municipal es una contribución se desprende suficiente-
mente de la ley municipal y de las decisiones en los casos
de *Sucesores de C. y J. Fantauzzi* v. *Asamblea Municipal de
Arroyo,* 30 D. P. R. 423; el mismo caso en apelación, 295
Fed. 803; *Cami* v. *Central Victoria,* 268 U. S. 469.　El peti-
cionario era un contribuyente.

[8] No es necesario que resolvamos específicamente la
cuestión, pero tenemos algunas dudas de si el mero hecho de
ser ciudadano no sería suficiente calificación, cuando se trata
de impedir que una persona que ha sido destituída a virtud
de cargos ocupe un puesto público.

*La sentencia apelada debe ser confirmada.*