El Pueblo de Puerto Rico, *In Re* Adolfo Rodríguez Droz, querellante y apelado, *v.* Fortunato Blanco Mateo, querellado y apelante.

Núm. 6644.—*Sometido:* Marzo 20, 1936. *Resuelto:* Agosto 1, 1936.

*Leopoldo Tormes García,* abogado del apelante; *Agustín E. Font,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Fortunato Blanco Mateo, querellado en un procedimiento de *quo warranto,* apela de una sentencia adversa y sostiene que:

"1. Cometió error grave la corte inferior y perjudicial para este querellado apelante al declarar como declaró sin lugar la moción de este querellado en la que solicitó la desestimación del procedimiento, por el fundamento de que la investigación se había solicitado por el Sr. R. V. Pérez Marchand, ante la Corte de Distrito de Ponce, la cual Corte carecía de jurisdicción para conocer de este procedimiento, ya que el querellado residía en Santa Isabel y en ese municipio ejercía el cargo de miembro de la Asamblea Municipal y Santa Isabel pertenecía entonces y formaba parte del Distrito Judicial de Guayama, cuya Corte no había dictado ninguna orden autorizando el procedimiento."

Ésta es la última semana del presente término. El próximo comienza el lunes 2 de noviembre, o sea el día antes de las próximas elecciones generales. De no resolverse este caso ahora la cuestión principal resultaría prácticamente académica antes de que se pudiera dictar una resolución. Sentimos no poder exponer ampliamente los motivos en que basamos nuestra decisión.

La sección 2 de la "Ley estableciendo los procedimientos de '*quo warranto*' ", aprobada el primero de marzo de 1902 (Estatutos Revisados de 1911, sección 1320), dispone que en ciertas circunstancias específicas " . . . el Fiscal General o cualquier fiscal de la respectiva corte de distrito, ya obrando por su propia iniciativa, ya a instancia de otra persona, podrá presentar a la corte de distrito que tenga jurisdicción en el asunto, una petición de que se le admita una solicitud de que se abra una información de la naturaleza del *Quo Warranto,* a nombre de El Pueblo de Puerto Rico; y si a juicio de dicha corte resultare que existe probable fundamento para instruir las diligencias del caso, podrá ella acceder a la petición y ordenar que se admita la información y se expida el nombramiento . . ."

El fiscal de la Corte de Distrito de Ponce a instancia de un *relator* individual, presentó ante dicha corte una petición solicitando permiso para radicar la información en el presente caso. El querellado residía y desempeñaba sus deberes oficiales en el pueblo de Santa Isabel, dentro del distrito judicial de Guayama. Al solicitar él el traslado, su moción fué prontamente declarada con lugar. Guayama era, desde luego, el lugar adecuado para el juicio. *Denison* v. *State,* 61 S. W. (2d) 1017. Mas, de ello no se desprende que la Corte de Distrito de Ponce careciera de jurisdicción para conceder permiso para que se radicara la información ante ella. El fiscal presentó la petición a la corte de distrito de su propio distrito, y al así hacerlo no trascendió la autoridad conferídale por la sección 1320, de los Estatutos Revisados, *supra.* Si el querellado no hubiera solicitado el traslado, la corte de Ponce hubiera podido proseguir el caso y no hubiera habido ninguna cuestión seria respecto a su jurisdicción. Véase artículo 82, Código de Enjuiciamiento Civil (ed. 1933); *Hernaiz Targa & Co.* v. *Vivas,* 20 D.P.R. 106; *Eel River Ry. Co.* v. *State,* (Ind.) 57 N. E. 388; *Bohn* v. *Bohn,* 164 Cal. 532.

La segunda contención del apelante es que:

"2. La sentencia en este caso es contraria a los hechos y a la ley.

"(*a*) Porque el querellado nunca ha sido convicto por ningún tribunal competente de ningún delito grave (*felony*) ni de ningún otro delito que implique depravación moral.

"(*b*) Porque de las imputaciones falsas y maliciosas, producto de una conspiración que se realizó contra este querellado imputándole haber pagado ciertas dietas a ciertos asambleístas que no asistieron a una sesión de la Asamblea Municipal de Santa Isabel mientras este querellado desempeñaba las funciones de Secretario Auditor de dicho Municipio, no encontró causa probable el Gran Jurado del Distrito Judicial de Guayama para acusarse ante el pequeño jurado a este querellado, habiendo ese Gran Jurado después de haber examinado evidencia legal que le fué sometida por el Fiscal del Distrito de Guayama, endosado como NO FUNDADO el proyecto de acusación que había preparado el Fiscal del Distrito de Guayama, por lo que este que-

rellado fué exonerado de toda responsabilidad por esos cargos por la Corte de Distrito de Guayama.''

La información en el presente caso alegaba:

''*Cuarto:* Que allá por el mes de marzo de 1926 se radicó contra el querellado Fortunato Blanco Mateo, una demanda de la misma naturaleza que la presente y ante la Corte de Distrito de Guayama, en la cual sustancialmente se alegaba que dicho Fortunato Blanco Mateo había actuado ilegal e impropiamente en sus funciones como Auditor del Municipio de Santa Isabel, y después de haberse substanciado dicha demanda por sus méritos, la citada Corte de Distrito de Guayama destituyó de su cargo de Auditor Municipal del Municipio de Santa Isabel al ahora querellado. Y contra dicha sentencia apeló para ante la Hon. Corte Suprema de Puerto Rico, y dicho Tribunal confirmó la sentencia de la Corte de Distrito de Guayama en mayo 31 de 1927, sentencia que es firme.

''*Quinto:* Que el querellado fué destituído de un empleo público según se alega en los hechos anteriores por cargos probados que implicaban conducta inmoral, y está por lo tanto inhabilitado para desempeñar cargos públicos en Puerto Rico hasta tanto sea perdonado por el Gobernador de Puerto Rico o por otro cuerpo competente autorizado para ello, no habiendo sido hasta el presente, el querellado perdonado en forma alguna ni restituído en sus derechos para poder desempeñar un cargo público en esta Isla de Puerto Rico. (*Blanco* v. *Asamblea Municipal,* 33 D.P.R. 941; *Pueblo* v. *Blanco,* 36 D.P.R. 870.)''

La Sección 18 de la Ley Municipal, según quedó enmendada por la sección 4 de una Ley (núm. 98) aprobada el 15 de mayo de 1931 (Leyes de ese año, pág. 601) dispone: ''para ser elegible como miembro de la asamblea municipal se necesitará . . . . . no haber sufrido condena alguna por delito grave o cualquier otro delito que implique depravación moral, ni haber sido destituído de cargo público por delincuencia o conducta inmoral.'' Nada había en el presente caso que sugiriera que el querellado había sido aún convicto de ningún delito grave o de cualquier otro delito que envolviera depravación moral o de que jamás hubiera cumplido una sentencia ''por delito grave o cualquier otro delito que implique depravación moral.'' Había sido destituído de un cargo pú-

blico por delincuencia y conducta inmoral. Véase *Blanco* v. *Asamblea Municipal de Santa Isabel* y *Pueblo* v. *Blanco*, supra. Por tanto, el hecho de que él nunca hubiera sido convicto por ningún tribunal competente de ningún delito grave ni de ningún otro delito que implicara depravación moral, nada tiene que ver con el caso, a menos que haya algún mérito en la contención del apelante de que la ley que confiere a la asamblea municipal la facultad para destituir es inconstitucional y de que la investigación de los cargos imputados al querellado como Secretario Auditor Municipal no constituye debido proceso de ley sino una usurpación o invasión de las facultades pertenecientes al poder judicial. El alegato del apelante deja de convencernos de que la facultad concedida por la legislatura sea inconstitucional. El hecho adicional de que un gran jurado posteriormente se había negado a acusar al ex-secretario auditor basado en la misma prueba o en prueba similar a aquélla que sirvió de base a la asamblea municipal para su actuación, no es evidentemente motivo suficiente para una revocación.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.