El Estado Libre Asociado de Puerto Rico, a instancias de Peter Lektrich, relator y apelado, *v.* Vicente M. Ydrach, querellado y apelante.

Número 11094.

*Sometido:* 2 de julio de 1954. *Resuelto:* 3 de agosto de 1954.

*Charles R. Hartzell y Rafael O. Fernández,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge* y *J. B. Fernández Badillo, Subsecretario de Justicia,* abogados del Estado Libre Asociado; *Enrique Báez García* y *Amador Ramírez Silva,* abogados del relator apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

En la Sala de Mayagüez del Tribunal Superior se presentó un recurso de "Quo Warranto" por el Estado Libre Asociado de Puerto Rico, a instancias de Peter Lektrich, contra Vicente M. Ydrach, en que se interesa que se despoje y lance a Ydrach del cargo que él ocupaba, al presentarse la solicitud, de director o miembro de la Junta de Directores de la corporación doméstica Cervecería Real, Inc., por el alegado fundamento de que él ocupaba ilegalmente ese cargo. Ydrach presentó una moción en que solicitaba que el caso se trasladase a la Sala de San Juan del Tribunal Superior, por residir él en San Juan. El tribunal de Mayagüez dictó una resolución declarando sin lugar la moción de traslado. Contra esa resolución Ydrach ha interpuesto un recurso de apelación ante este Tribunal.

Antes de la vigencia de la ley núm. 47, aprobada el 7 de agosto de 1935 ((2) pág. 531), el querellado en un procedimiento de quo warranto tenía el derecho a que el caso se trasladase al tribunal (de distrito entonces) que correspondiese al sitio de su residencia. *Toro y Lippitt* v. *La Corte de Distrito de San Juan,* 30 D.P.R. 542; *Wilson* v. *La Corte de Distrito de San Juan,* 30 D.P.R. 558. Antes de la ley citada, la sec. 2 de la Ley Estableciendo el Procedimiento de Quo Warranto, (Ley de marzo 1 de 1902, correspondiendo la sec. 2 al art. 641 del Código de Enjuiciamiento Civil), disponía que, en casos como el de autos, "el Fiscal General o cualquier fiscal de la respectiva corte de distrito, ya obrando por su propia iniciativa, ya a instancia de otra persona, podrá presentar a la corte de distrito que tenga jurisdicción

en el asunto ("to the district court of competent jurisdiction", según el texto inglés prevaleciente), una petición de que se le admita una solicitud de que se abra una información de la naturaleza del quo warranto." Podía haber habido margen para dudas en cuanto al significado de la frase "court of competent jurisdiction" (8 *Words and Phrases*, ed. Permanente, pág. 356; 3 A. *Words and Phrases* 106, 107; 10 *Words and Phrases* 259), existiendo una tendencia a identificar tal concepto con el de un tribunal de jurisdicción general, con autoridad señalada por alguna ley para actuar en determinado asunto, sin que tal frase incluya o excluya ningún tribunal específico, dejándose tal determinación para una ley concreta. *Mizrahi* v. *Pandora Frocks*, 86 F. Supp. 958; *Ex parte Justus*, 104 Pac. 933; *Ex. parte Plaistridege*, 173 Pac. 646; *Am. Distilling Co.* v. *Brown*, 64 N.E. 2d 347. De todos modos, la disposición citada de la ley de Quo Warranto no establecía el lugar específico ("venue") donde el juicio debía celebrarse, por lo que, según resolvió este Tribunal en los casos citados, era aplicable el art. 81 del Código de Enjuiciamiento Civil, al efecto de que en todos los demás casos no mencionados en los arts. 75 al 80 (no mencionándose el quo warranto en esos artículos), el pleito debería verse en el distrito en que residiera el demandado.

La Ley núm. 47 del 7 de agosto de 1935, aplicable al caso de autos, enmendó la sec. 2 de la Ley de Quo Warranto, consistiendo una de las enmiendas en la disposición de que "el Fiscal General o cualquier fiscal de la respectiva corte de distrito, ya obrando por su propia iniciativa, ya a instancias de otra persona, *podrá radicar ante cualquier corte de distrito de Puerto Rico* una solicitud para que se instruya información de la naturaleza del quo warranto, a nombre de El Pueblo de Puerto Rico." (Bastardillas nuestras. Compárese de nuevo con la anterior disposición: "may present a petition to the district court of competent jurisdiction".)

No hemos podido encontrar información alguna en la historia legislativa de la Ley núm. 47 que nos sirva de guía

en cuanto a cuál fué el propósito específico del legislador al enmendar la sec. 2 de la Ley de Quo Warranto en la forma que hemos expuesto. El alcance de la enmienda tiene que ser inferido de los propios términos de la Ley núm. 47. Debe advertirse, en primer término, que la disposición anterior se refería a *la* corte de distrito de jurisdicción competente, y la enmienda se refiere a *cualquier* corte de distrito que el ahora Secretario de Justicia, o el fiscal, seleccione, eliminándose el concepto de *la* corte de jurisdicción competente. Anteriormente el procedimiento se localizaba en una corte determinada que tuviese jurisdicción competente. Bajo la Ley núm. 47 el procedimiento se puede tramitar en cualquier corte de distrito que el querellante seleccione. Por lo tanto, el lugar del juicio ("venue") debe ser aquél que sea seleccionado por el Secretario de Justicia o el fiscal respectivo, en este caso la Sala de Mayagüez del Tribunal Superior, sin que exista el derecho del querellado a que el juicio sea trasladado al sitio de su residencia. En otras palabras, entendemos que al establecerse en la Ley núm. 47 que el "Fiscal General" podrá radicar la solicitud ante cualquier "corte de distrito", la intención legislativa, aunque imperfectamente expresada, fué al efecto de que el caso debería ser tramitado en el tribunal seleccionado por el hoy Secretario de Justicia. Decimos que la intención legislativa fué imperfectamente expresada porque la enmienda dice textualmente que el caso podrá ser "radicado", no dispniéndose que el caso podrá ser "tramitado", en cualquier corte de distrito. Precisamente el aquí apelante, interpretando literalmente la enmienda, alega que lo único que hace la enmienda es concederle la facultad al Secretario de Justicia para radicar el caso en cualquier corte de distrito, y que el hecho de que él pueda meramente radicar el caso en cualquier corte no implica que el caso tenga que ser ventilado en esa corte, estando sujeto tal poder de radicación al derecho del querellado a obtener el traslado del caso al sitio de su residencia. Sin embargo, aún antes de aprobarse la Ley núm. 47, y aún bajo las disposiciones de

la sec. 2 original, de la Ley de Quo Warranto, el Procurador General podía *radicar* la querella en cualquier corte de distrito, sujeto al derecho al traslado del querellado y, de no solicitarse el traslado en forma adecuada, el caso podía tramitarse en la corte donde había sido radicado, aun si no era el sitio de la residencia del demandado. *Pueblo In re Rodríguez* v. *Blanco*, 50 D.P.R. 591; *Hernaiz, Targa & Co.* v. *Vivas*, 20 D.P.R. 106, y véase el art. 82 del Código de Enjuiciamiento Civil de Puerto Rico que dispone que "si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer . . ." solicite el traslado en forma adecuada. No debemos suponer que, al enmendar la sec. 2, el legislador tuvo la intención de repetir la regla ya prevaleciente. Por el contrario, al cambiarse el lenguaje y la fraseología de un estatuto mediante enmiendas, debe presumirse que el legislador tuvo la intención de introducir una nueva regla, de llevar a cabo distintos resultados y propósitos, de establecer cambios y de apartarse de las normas que surgen del estatuto enmendado. (50 Am. Jur. 261, 262, sec. 275; 45 Am. Jur. 814, sec. 11, en cuanto a leyes relativas al traslado de casos). Debe suponerse que un cambio en la fraseología de un estatuto tiene alguna significación independiente. (*Shamrock Oil and Gas Co.* v. *Sheets*, 313 U.S. 100, 106, 107, que envolvía una ley de traslado de casos). Debemos evitar aquella interpretación de un estatuto que envuelva el establecimiento de repeticiones innecesarias de conceptos anteriores. (50 Am. Jur. 364, 365, sec. 359.) No debemos presumir que, al enmendarse la sec. 2, el legislador tuvo en mente repetir la regla que prevalecía anteriormente. No debe ser interpretada la enmienda literalmente si ello envuelve el criterio de que el legislador ha laborado inútilmente. La interpretación más adecuada es aquélla que nos informa que, al enmendar la sec. 2 a través de la Ley de Quo Warranto, el legislador tuvo la intención de cambiar la regla prevaleciente en cuanto al lugar del juicio y que, al disponer que

el "Fiscal General" podrá *radicar* el caso en cualquier corte de Distrito, ello envuelve el concepto de que el caso se deberá ventilar en la que seleccione el hoy Secretario de Justicia, independientemente de la residencia del querellado.

Existe una consideración adicional que robustece la interpretación que hemos adoptado. Fué el propósito esencial de la Ley núm. 47 de 7 de agosto de 1935 el conceder jurisdicción original al Tribunal Supremo en casos de corporaciones que contraviniesen las disposiciones de nuestra anterior Carta Orgánica. Pero tanto, bajo la sec. 2 anterior de la Ley de Quo Warranto, como bajo la Ley 47, las anteriores Cortes de Distrito tenían la facultad de entender en querellas de quo warranto contra una corporación que "haga u omita algo que equivalga a la renuncia o a la pérdida de los derechos y privilegios que como a tal corporación le corresponden; o cuando ejercite derechos no conferidos por ley." En forma congruente con el propósito esencial de hacer más efectiva la acción gubernamental con respecto a tales corporaciones, el legislador muy bien pudo haber tenido la intención de que el lugar del juicio, en cuanto a cortes de distrito, fuese el seleccionado por el anterior Procurador General, sin que la corporación tuviese derecho al traslado. El caso que nos ocupa no se refiere a una corporación como tal, pero está incluído en la sec. 2, y le es aplicable la disposición al efecto de que el "Fiscal General" podrá radicar el caso en cualquier corte de distrito. En otras palabras, la disposición análoga referente a corporaciones en sí tiende a demostrar que al usarse el término "radicar", el legislador tuvo en mente el propósito de que el litigio se tramitase totalmente en la corte de distrito seleccionada por el hoy Secretario de Justicia.

■ Es cierto que el derecho de un demandado a que un caso se vea en el sitio de su residencia es un derecho valioso, al cúal se le debe dar efectividad a menos que el estatuto claramente disponga otra cosa. *Usera* v. *Luce & Co., S. en C.*, 58 D.P.R. 290. Pero, en este caso, la Ley núm. 47 establece precisamente una excepción a esa norma general.

Incidentalmente, la Ley de la Judicatura (Ley núm. 11 de 24 de julio de 1952,) no altera la situación envuelta en este caso, ya que, bajo la sec. 10, los casos deberían tramitarse en la sección o Sala correspondiente, de acuerdo con la legislación anterior, a no ser que medie un convenio de las partes y la anuencia del juez.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Sr. Sifre concurre con el resultado.

El Juez Asociado Sr. Belaval no intervino.